```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


SYLVIA TARDO                                  CIVIL ACTION

v.                                            NO. 10-3642

AUTOZONE STORES, INC.                         SECTION "F"
a/k/a AUTO ZONE
```

ORDER AND REASONS

Before the Court is the defendant's Motion for Summary Judgment. For the reasons that follow, the motion is construed as a motion for partial summary judgment and is GRANTED.

Background

This is a personal injury case in which the plaintiff alleges that she sustained serious injuries to her left leg when she fell while following an AutoZone employee to her car so he could install a battery for her.

On the afternoon of April 17, 2010 Sylvia Tardo stopped at a Chevron station on the corner of Cleary Avenue and Airline Highway in Jefferson Parish, Louisiana. After buying a soft drink, her car would not start. Having visited AutoZone about three times before, Ms. Tardo walked to AutoZone at 3949 Airline Highway; to get there she walked on the sidewalk by the highway, passing Enterprise and another business establishment on her way. She purchased a new car battery, and asked whether an employee could install it for her. Matt Fahm was assigned the installation task; he picked up his tools and, according to Ms. Tardo, when she asked whether they were

1

going to walk on the sidewalk on Airline, he said "No, I know a shortcut. Just follow me." And she did.

Mr. Fahm walked ahead of Ms. Tardo; he led her to the side of the AutoZone store. When they reached a section of grass, Fahm told her that they would be walking on the grass. Where the grassy area meets the concrete Enterprise business parking lot, there is a concrete retaining wall, which is approximately one foot above the parking lot. (The retaining "wall" serves as a barrier between the AutoZone parking lot and the Enterprise parking lot.) Ms. Tardo has stated that she stopped when she arrived at the retaining wall before she stepped down onto the flat surface of the Enterprise parking lot. She further stated: "I stepped down and I must have misjudged my distance and I stumbled. I lost my – I stumbled and fell." However, she later testified: "I don't think I misjudged. I think when I stepped down, I lost my balance when I stepped down." She also admitted that she did not know what caused her to fall; she said that there was not anything in the grassy area that caused her to lose her balance, and that there was not anything about the cement retaining wall or the flat surface of the Enterprise parking lot that caused her to fall. As a result of the fall, she injured her left leg.

On September 1, 2010 Ms. Tardo sued AutoZone in state court, asserting that the "serious and permanent injuries" she sustained were caused by AutoZone's negligence as a result of its failure to

2

maintain the premises, failure to warn their guest of known dangerous conditions, failure to adequately inspect the property or premises, placing their guests in a perilous situation by lack of warning, repair, or maintenance, creating a known hazardous condition, creating a condition or situation that presented an unreasonable risk of harm that AutoZone should have foreseen, and other unspecified acts of negligence. AutoZone was served on September 16 and, on October 15, 2010, timely removed the suit to this Court, invoking the Court's diversity jurisdiction. AutoZone now seeks summary relief on the ground that Ms. Tardo cannot meet her burden of proving merchant liability or premises liability.

### I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported

motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

II.

AutoZone contends that summary relief is appropriate because the plaintiff can submit no evidence to support her claim that the allegedly defective retaining wall created an unreasonable risk of harm.  Based on the theories of recovery alleged in Ms. Tardo's state court petition, AutoZone draws attention to the negligence standards provided by La.R.S. 9:2800.6 (the merchant liability statute) and Louisiana Civil Code 2317.1 (premises liability).  Ms.

Tardo opposes AutoZone's motion for summary judgment; she concedes that AutoZone is not liable under either the merchant liability statute or the premises liability provision.  However, Ms. Tardo contends that AutoZone is liable for its general negligence.  See La. Civil Code article 2315. Her theory is based on AutoZone's employee's allegedly improper use of a shortcut to exit AutoZone's property.  She says she objects to any attempt by AutoZone to have her general negligence claim dismissed.

Article 9:2800.6 of the Louisiana Revised Statutes establishes the plaintiff's burden of proof for slip-and-fall claims against merchants:

> A.  A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.  This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B.  In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, <u>the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following</u>:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

>     (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove exercise of reasonable care.
>
>     C.  Definitions
>
>     (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
>
> ...

(Emphasis added).

The provision for premises liability, La.Civ.Code art. 2317.1, provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known, of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

In her opposition papers, the plaintiff concedes that (1) "there was no La. C.C. art. 2317 ruin, vice, or defect in the defendant's property/thing"; (2) "her claim is not based on the typical R.S. 9:2800.6 'condition' such as a slip and fall due to water, produce spilled drinks, etc."; and (3) "her fall was not due to '...a

6

condition existing in or on merchant's premises' as intended by R.S. 9:2800.6." Based on the plaintiff's concessions and the record, summary relief on these theories of liability is appropriate.

Nevertheless, the plaintiff maintains that the legal standard for her claim of general negligence under La.C.C. art. 2315 is based on an improper use (or failure to warn) of a shortcut; that is not addressed by the defendant in its moving papers. However, as the defendant points out in its reply papers, the general negligence theory was not addressed because it appeared from the plaintiff's state court petition that Ms. Tardo was pursuing merchant liability or premises liability theories of recovery.[1] Whether plaintiff's claim has any basis in fact or law must await another day, as must the issue of comparative fault.

IT IS ORDERED: that the defendant's motion for summary judgment is construed as a partial motion for summary judgment and is GRANTED consistent with this Order and Reasons.

New Orleans, Louisiana, August 23, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] The defendant notes that the plaintiff did not in her state court petition allege that her claim against AutoZone arose out of vicarious liability for the La. Civ. Code art. 2315 negligence of Fahm.

7