UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SYLVIA TARDO                                            CIVIL ACTION

v.                                                      NO. 10-3642

AUTOZONE STORES, INC.                                   SECTION "F"
a/k/a AUTO ZONE

ORDER AND REASONS

Before the Court is the defendant's Motion for Summary Judgment.  For the reasons that follow, the motion is DENIED.

Background

This is a personal injury case in which the plaintiff alleges that she sustained serious injuries to her left leg when she fell while following an AutoZone employee to her car so he could install a battery for her.

On the afternoon of April 17, 2010 Sylvia Tardo stopped at a Chevron station on the corner of Cleary Avenue and Airline Highway in Jefferson Parish, Louisiana.  After buying a soft drink, her car would not start.  Having visited AutoZone a few times before, Ms. Tardo walked to AutoZone at 3949 Airline Highway; to get there, she walked on the sidewalk by the highway, passing Enterprise and another business establishment on her way.  She purchased a new car battery, and asked whether an employee could install it for her. AutoZone employee Matt Fahm was assigned the installation task; he picked up his tools and, according to Ms. Tardo, when she asked

1

whether they were going to walk on the sidewalk on Airline Highway, he said "No, I know a shortcut. Just follow me." And she did.

Mr. Fahm walked ahead of Ms. Tardo; he led her to the side of the AutoZone store. When they reached a section of grass, Fahm told her that they would be walking on the grass. Where the grassy area meets the concrete Enterprise business parking lot, there is a concrete retaining wall, which is approximately one foot above the parking lot. (The retaining "wall" serves as a barrier between the AutoZone parking lot and the Enterprise parking lot.) Ms. Tardo has stated that she stopped when she arrived at the retaining wall before she stepped down onto the flat surface of the Enterprise parking lot. She further stated: "I stepped down and I must have misjudged my distance and I stumbled. I lost my – I stumbled and fell." However, she later testified: "I don't think I misjudged. I think when I stepped down, I lost my balance when I stepped down." She also admitted that she did not know what caused her to fall; she said that there was not anything in the grassy area that caused her to lose her balance, and that there was not anything about the cement retaining wall or the flat surface of the Enterprise parking lot that caused her to fall. As a result of the fall, she injured her left leg.

On September 1, 2010 Ms. Tardo sued AutoZone in state court, asserting that the injuries she sustained were caused by AutoZone's negligence as a result of its failure to maintain the premises,

2

failure to warn their guest of known dangerous conditions, failure to adequately inspect the property or premises, placing their guests in a perilous situation by lack of warning, repair, or maintenance, creating a known hazardous condition, creating a condition or situation that presented an unreasonable risk of harm that AutoZone should have foreseen, and other unspecified acts of negligence.  AutoZone was served on September 16 and, on October 15, 2010, timely removed the suit to this Court, invoking the Court's diversity jurisdiction.  AutoZone previously sought summary relief on her negligence claims, asserting that she could not meet her burden of proving premises liability or merchant liability. The plaintiff has conceded that AutoZone was not liable for premises or merchant liability, and instead insisted that she was pursuing only a general negligence theory of recovery. Accordingly, the Court construed AutoZone's prior motion for summary judgment as one for partial summary judgment, and granted the motion.  AutoZone now seeks summary relief on the ground that Ms. Tardo cannot meet her burden of proving general negligence.

### I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact

to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

AutoZone contends that summary relief is appropriate because the plaintiff cannot prove that Matt Fahm was negligent pursuant to Louisiana Civil Code article 2315.[1]  In particular, AutoZone contends that the plaintiff cannot prove that Fahm created an unreasonable risk of harm by instructing her to follow him through the shortcut, or that he had a duty to warn Ms. Tardo of the physical requirements of using the shortcut.

*A.*

La. C.C. art. 2315 provides: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  In other words, in negligence cases, where circumstances create a duty to do so, the defendant must use reasonable care so as to avoid injuring another person.  Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles of La.

---

[1] The Court is not inclined to consider AutoZone's argument that the plaintiff's general negligence or vicarious liability theories of recovery should be dismissed because such claims were not mentioned in the state court petition and, therefore, AutoZone was not given fair notice. The Court need not consider what the plaintiff should have pled in her state court petition when the defendant failed to challenge the sufficiency of the petition; these proceedings have developed past the motion to dismiss stage.  Nor is the Court inclined to consider the plaintiff's argument that the defendant's second motion for summary judgment is untimely; the Court already granted leave to the defendant to file the present motion in light of counsel for defendant's good faith (if mistaken) belief that the plaintiff was pursuing a merchant liability or premises liability theory of recovery.

C.C. art. 2315.  To recover, Ms. Tardo must prove that (1) Fahm had a duty to conform his conduct to a specific standard (the duty element); (2) Fahm's conduct failed to conform to the appropriate standard (the breach element); (3) Fahm's substandard conduct was a cause-in-fact of her injuries (the cause-in-fact element); (4) Fahm's substandard conduct was a legal cause of her injuries (the scope of protection element); and (5) she suffered damages (the damages element).  See Bridgefield Cas. Ins. Co. v. J.E.S., Inc., 29 So.3d 570, 573 (La.App. 1 Cir. 10/23/09)(citations omitted).  "[A]ll four inquiries must be affirmatively answered for plaintiff to recover."  Jiminez v. Omni Royal Orleans Hotel, 66 So.3d 528, 532 (La.App. 4 Cir. 5/18/11)(citation omitted).  "Whether a duty is owed is a question of law; whether defendant has breached a duty is a question of fact."  Brewer v. J.B. Hunt Transport, Inc., 35 So.3d 230, 240 (La. 2010).  Another fact-drive inquiry typically left to the fact-finder is whether an action is the cause-in-fact of harm.  Bridgefield Cas. Ins. Co., 29 So.3d at 574-75.  Of course the key to any negligence inquiry "is whether a person, thing, or condition creates or constitutes an unreasonable risk of harm."  Jiminez, 66 So.3d at 532 (citation omitted).  This is a fact-intensive inquiry that is "primarily entrusted to the fact-finder."  Id. (citations omitted).

B.

The plaintiff contends that Fahm created an unreasonably

dangerous situation when he instructed her to follow him through a shortcut to return to her car to replace its battery.  This is so, the plaintiff insists, because Fahm was aware that the plaintiff is a 5'2" female, who is morbidly obese, and that Fahm failed even to warn her that to follow him down through the sloped lawn required her to jump off the retainer wall into the parking lot.  In support of her claim of negligence, Ms. Tardo says that the defendant's own expert concluded that the shortcut was not intended to be used as an exit from AutoZone's property.  Moreover, the plaintiff invokes the opinion of her own expert to support her theory of recovery: the plaintiff's expert has stated that the 12-inch step down from the retainer wall "created an extremely dangerous trip/stumble and fall hazard/unreasonable risk of harm to a pedestrian."  The accident would not have occurred, Ms. Tardo suggests, if Fahm had instead used the sidewalk.  Because this particular negligence analysis is so fact-driven, along with considering issues associated with comparative fault, the plaintiff urges the Court that summary judgment is inappropriate.

    The Court finds that AutoZone has not carried its summary judgment burden to show that there are no disputed issues of material fact regarding the plaintiff's negligence claim.[2]  While

---

[2] AutoZone emphasizes the openness and obviousness of the retainer wall.  Indeed, the thrust of the defendant's arguments seem to focus more attention on the issue of Ms. Tardo's fault; however, even assuming Ms. Tardo's negligence contributed to her injury, it does not follow that AutoZone was lacking in fault.

the plaintiff will bear the burden of proof at trial, she has raised a factual dispute as to whether Fahm (and therefore AutoZone) was negligent when he led her through a "shortcut" (which was not intended for use as an exit) that culminated in a requirement that she step down from a 12-foot retainer wall.  Of course, "a potentially dangerous condition that should be obvious to all comers is not, in all instances, unreasonably dangerous." Socorro v. City of New Orleans, 579 So.2d 931, 941 (La. 1991).  But inquiries into fault (in particular, here, whether a thing creates an unreasonable risk of harm) and causation are so fact-driven that, on this record, it must be reserved to the fact-finder. AutoZone has not demonstrated that it is entitled to judgment as a matter of law.

    Accordingly, the defendant's motion for summary judgment is DENIED.

        New Orleans, Louisiana, September 15, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

(The openness and obviousness of a potentially dangerous thing are simply factors to be considered in the duty-risk analysis.)